IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DANIELLE H. JUNKINS,

      Plaintiff,

v.                                                                    Civil Action No. 1:16-CV-174

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

**REPORT AND RECOMMENDATION**

**I.    SUMMARY**

The Plaintiff, Danielle Junkins, advances three arguments. The Court is unpersuaded by each of the Plaintiff's arguments.

First, the Plaintiff argues that the administrative law judge (ALJ) performed an inadequate analysis when finding the Plaintiff not entirely credible. The Court is unpersuaded by this argument because the ALJ complied with the law by discussing that the Plaintiff's subjective complaints were inconsistent with the objective medical evidence.

Second, the Plaintiff argues that the ALJ failed to give proper deference to her treating physician. The Court is unpersuaded by this argument because the ALJ explained that the treating physician's opinion merely adopted the Plaintiff's subjective complaints and was inconsistent with the medical evidence.

Third, the Plaintiff argues that the ALJ improperly analyzed the listed impairments. The Court is unpersuaded by this argument. Indeed, the ALJ discussed that the listed impairments were not met and cited medical opinions supporting this conclusion.

Therefore, the Court recommends that the Plaintiff's Motion for Summary Judgment be DENIED and the Commissioner's Motion for Summary Judgment be GRANTED.

## II.   PROCEDURAL HISTORY

The Plaintiff filed several prior applications for Social Security benifits. She filed Title XVI applications for supplemental security income in 1989, 1992, 1998, and 2002 all of which were denied. R. 20. In 2005 she filed an application, which was denied, for Title XVI supplemental security income and Tittle II for a period of disability. R. 20.

The Plaintiff filed her current application in March 2013 for Title II and Title XVI benefits alleging a disability beginning January 27, 2013. R. 20. The Plaintiff's claims were denied initially on June 11, 2013 and upon reconsideration on October 15, 2013. R. 20. The Plaintiff requested a hearing and the agency held a video hearing on February 3, 2015. The ALJ issued an unfavorable decision to the Plaintiff on February 27, 2015. R. 17. The Appeals Council denied review. R. 8.

## III.   THE ALJ'S FINDINGS

In determining whether the Plaintiff was disabled, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520; 416.920. The first step in the process is determining whether a claimant is currently engaged in substantial gainful activity. *Id.* §§ 404.1520(b); 416.920(b). If the claimant is not engaging in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. *Id.* §§ 404.1520(c); 416.920(c). If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step in the sequence, which requires the ALJ to determine whether the claimant's impairments or combination of impairments meets or equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). *Id.* §§ 404.1520(d); 416.920(d). If an impairment meets or equals a listed impairment, the claimant is disabled. *Id.*

§§ 404.1520(d); 416.920(d). However, if the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity (RFC), which is the claimant's ability to do physical and mental work activities on a sustained basis despite the limitations of her impairments. *Id.* §§ 404.1520(e); 416.920(e).

After determining the claimant's RFC, the ALJ must determine, at step four, whether the claimant has the RFC to perform the requirements of her past relevant work. *Id.* §§ 404.1520(f); 416.920(f). If the claimant does not have the RFC to do her past relevant work, then she has established a *prima facie* case of disability, and the burden shifts to the Commissioner to demonstrate, at the final step in the process, that other work exists in significant numbers in the national economy that the claimant can do, given the claimant's RFC, age, education, and work experiences. *Id.* §§ 404.1520(g); 416.920(g).

At step one of the sequential process, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since January 27, 2013, the alleged onset date of the Plaintiff's disability. R. 23. At step two, the ALJ found that the Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, status-post laminectomy and fusion with associated left radiculopathy, obesity, and anxiety/affective disorders. R. 23. At the third step, the ALJ found that none of the Plaintiff's impairments met or medically equaled the severity of one of the listed impairments contained in the Listings. R. 25. The ALJ then determined that the Plaintiff had the following RFC:

> [T]o perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except occasionally lift and/or carry ten pounds; frequently lift and/or carry less than ten pounds; stand and/or walk with normal breaks for a total of two hours in an eight hour workday; sit with normal breaks for about six hours in an eight hour workday; occasionally climb ramps and stairs, never climb ladders, ropes or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; must avoid concentrated exposure to temperature extremes and vibration; avoid even moderate exposure to workplace hazards such as unprotected heights and moving

machinery. Despite her mental limitations, the claimant retains the ability to perform simple unskilled work on a sustained basis in a competitive work environment with no more than occasional interaction with coworkers and the general public.

R. 27. At step four, the ALJ determined that the Plaintiff was unable to perform any past relevant work. R. 35. At step five, the ALJ determined that, "considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed." R. 36. Thus, the ALJ found that the Plaintiff was not disabled.

## IV. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### B. Judicial Review

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g);1383(c)(3). The ALJ's decision must be upheld if it is supported by substantial evidence. *Id.* §§ 405(g); 1383(c)(3). "Substantial

evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is not a "large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 664-65 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)).

An ALJ's findings "as to any fact, if supported by substantial evidence, shall be conclusive." *Walls v. Barnhart*, 296 F. 3d 287, 290 (4th Cir. 2002) (quoting 42 U.S.C. § 405(g)). Moreover, judicial review "of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). In reviewing the case to determine whether substantial evidence exists, this Court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Id. (*quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)).

**V.     DISCUSSION**

The Plaintiff advances three arguments. The Court is unpersuaded by these arguments.

### A.     The ALJ's Credibility Finding is Supported by Substantial Evidence

The ALJ evaluates a claimant's subjective complaints by engaging in a two-step analysis. The Plaintiff argues that the ALJ erred at step two.

5

### 1. *Step One*

"First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996) (citing 20 C.F.R. § 416.929(b)).  Here, the ALJ stated that, "[a]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." R. 28.  Therefore, the ALJ proceeded to step two.

### 2. *Step Two*

The Plaintiff argues that at step two the ALJ improperly determined that the Plaintiff's statements were not entirely credible.  The Court is unpersuaded by this argument.

At step two, the ALJ evaluates the statements regarding the Plaintiff's "intensity, persistence, and limiting effects of [her] symptoms." 20 C.F.R. § 416.929(c)(4).  "[W]henever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record." Social Security Ruling (SSR) 96-7p.

In addition to the objective medical evidence, the ALJ must consider the individual's: (1) daily activities; (2) location, duration, frequency, and intensity of pain; (3) factors that aggravate pain; (4) medications; (5) treatment other than medication; (6) measures other than medication that relieve pain; (7) any other factors.  *See id.*  While the ALJ must consider these factors, "[t]here is no requirement that he state specific findings as to each factor." *Wolfe v. Colvin*, No. 3:14-CV-4, 2015 WL 401013, at *4 (N.D.W. Va. Jan. 28, 2015).  Moreover, "there is no rigid

requirement that the ALJ specifically refer to every piece of evidence in his decision." *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (citations omitted). Rather, the decision must "contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the [ALJ's] determination and the reason or reasons upon which it is based." *Id.*

Here, the ALJ determined that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible. . . ." R. 28. The ALJ began by discussing that the Plaintiff's "degree of severity [of symptoms] alleged lacks support and consistency with the other evidence." R. 33. The ALJ gave a detailed explanation as to why the Plaintiff's alleged symptoms were inconsistent with the objective medical evidence. Indeed, the ALJ explained that:

> Treatment during the period at issue has been relatively conservative. The record shows history of anxiety and depression; however, the claimant [was] prescribed medication as needed by her primary care physician. She did not report ongoing symptoms or frequent exacerbations, and she did not begin to seek regular mental health treatment until October 2014 (Exhibit B23F). Treatment notes reveal positive response despite the claimant's representation at the hearing. For example, during evaluation in December 2014 the claimant denied any symptoms of depression or anxiety (Exhibit B25F, page 5). Mental status examinations she remained alert, oriented, and her affect remained appropriate. She was interactive with the therapist. (Exhibit B23F). The claimant's physical treatment record does not support her allegations regarding the severity of her limitations. In fact, the office visit notes reflect some occasions on which the claimant did not specify any particular musculoskeletal complaint, which contrasts with the current claim of ongoing, disabling symptoms she has alleged since her onset date. (Exhibit B9F; B24F). Despite alleging significant functional limitations, physical examinations have failed to reveal significantly decreased strength, sensation, or range of motion of any extremity, as would be expected with the degree of limitation alleged.

R. 33. Moreover, turning to activities of daily living, the ALJ explained that:

> Despite her impairment, the claimant has engaged in a somewhat normal level of daily activity and interaction. The claimant lives alone and has admitted involvement with activities such as caring for personal needs, performing

> household cleaning, the ability to prepare meals, handling her finances, use her computer, shopping in stores for groceries and other household supplies, and socializing with family members. Some of the physical and mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment. The claimant's ability to participate in such activities undermined the credibility of the claimant's allegations of disabling functional limitations.

R. 33. Therefore, the ALJ concluded that the Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible.

The Plaintiff further argues that there is evidence that contradicts the ALJ's reasoning. ECF No. 10 at 8-10. For example, the Plaintiff argues that ALJ cited the Plaintiff's failure to mention musculoskeletal issues during two office visits. *Id.* at 8 (citing R. 33). The Plaintiff asserts that the ALJ cited Exhibits B9F and B24F when highlighting the failure to mention musculoskeletal issues during the visits. The Plaintiff argues that Exhibit B9F relates to gynecological care and treatment for symptoms of urinary incontinence thus, she would not have mentioned musculoskeletal issues because they were irrelevant. However, a review of Exhibits B9F and B24F shows that a wide range of issues were addressed during the visits. R. 364-369, 521-538. Therefore, the ALJ's reasoning is supported by substantial evidence.

Moreover, the Plaintiff cites her testimony from the hearing which indicated that she actually had difficulties with some activities of daily living such as shopping at stores. ECF No. 10 at 9 (citing R. 56-57). However, as discussed above, the ALJ is not required to comment on every piece of testimony. And in reviewing the case to determine whether substantial evidence exists, this Court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Walls*, 296 F. 3d at 290 (citations omitted).

Therefore, the ALJ's credibility determination is supported by substantial evidence.

**B.      The ALJ Accorded Proper Deference to the Treating Physician's Opinion**

The Plaintiff argues that the ALJ failed to give proper deference to the opinion of the Plaintiff's treating physician, Dr. Shafiei. ECF No. 10 at 10. The Court is unpersuaded by this argument.

The attending physicians rule requires that "the opinion of a claimant's treating physician be given great weight and may be disregarded only if there is persuasive contradictory evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted). However, "[Fourth] Circuit precedent does not require that a treating physician's testimony be given controlling weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) (quotations omitted). For example, in *Craig* the court found that there was substantial evidence to reject the treating physician's opinion because "[all he] gave here was a conclusory opinion based upon the [plaintiff's] subjective reports of pain. His own medical notes did not confirm his determination of 'disability.'" *Id.* Moreover, the treating physician in *Craig* wrote another physician, did not mention a disability, and indicated that an MRI was normal. *Id.*

Here, similarly to *Craig*, the ALJ found that "Dr. Shafiei's opinions appear to, essentially adopt the claimant's statements without balance or objectivity. . . ." R. 34. Indeed, the ALJ found that Dr. Shafiei's opinion is "inconsistent with the [Plaintiff's] own report of her ability to perform activities of daily living. The [Plaintiff] reported in her Function Report that she was able to live alone, care for personal needs, prepare simple meals, use her computer, drive, and shop in stores, occasionally socialize with others, and perform some housework infrequently." R. 34 (citing Exhibits B3E, B6E, and Testimony). Moreover, the ALJ explained that Dr. Shafiei's opinion "is not supported with a rationale or an identification of the signs and laboratory findings and is not consistent with the other medical evidence of record as a whole."

R. 34. For example, the ALJ explained that "medical evidence shows the claimant did not allege any particular musculoskeletal complaints during her other physician visits, and mostly normal physical findings." R. 34 (citing Exhibits B9F and B24F).

Therefore, the ALJ provided an explanation based on medical evidence for the weight accorded to Dr. Shafiei's opinion. Thus, there is substantial evidence to support the weight accorded to Dr. Shafiei's opinion.

### C. Substantial Evidence Supports the ALJ's Analysis of the Listed Impairments

The Plaintiff argues that, "[i]n evaluating [her] severe lumbar degenerative disc disease under Listing 1.04, the ALJ simply summarized the listing requirements for each subsection and the summarily denied the existence of medical evidence that would meet any element of the listings." ECF No. 10 at 15. The Court is unpersuaded by this argument.

Under step three, "[t]he Social Security Administration has promulgated regulations containing listings of physical and mental impairments which, if met, are conclusive on the issue of disability." *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013) (citations omitted). Thus, a record of the ALJ's application of the Plaintiff's impairments to the Listings is necessary for the Court to engage in a substantial evidence review of whether the ALJ performed a proper step-three analysis. *See id.* at 295. Therefore, "[t]he ALJ should have identified the relevant listed impairments. He should then have compared each of the listed criteria to the evidence of [the Plaintiff's] symptoms. Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986).

For example, in *Bentley v. Comm'r of Soc. Sec.*, the court found that the ALJ failed to perform the proper analysis as explained in *Cook*. Civil Action No. 1:13CV163, 2014 U.S. Dist.

LEXIS 30097, at *66 (N.D.W. Va. Feb. 11, 2014). The *Bentley* court found that "the ALJ simply restated a substantial portion of the language of Listing 1.02(A) without providing any analysis." *Id.* Thus, the court concluded that there is "no explanation that the [c]ourt can rely on that indicates why Plaintiff does not meet Listing 1.02(A)." *Id.* at *66-67.

Here, unlike the ALJ in *Bently*, the ALJ explained why the Plaintiff did not satisfy the relevant Listing. The ALJ explained that the Plaintiff did not show evidence of the elements of Listing 1.04. R. 25. In fact, the ALJ explained that "[n]o treating or examining physician has identified medical signs or findings that meet or medically equal the requirements of any section of Appendix 1." Indeed, the Plaintiff has not directed this Court to any evidence that contradicts this assertion. This is further supported by the State Disability Determination Service consultant who determined that the Plaintiff's impairments did not meet or equal any of the Listings. R. 25, 75. The State consultants "are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(e)(2)(i). Moreover, the ALJ explained that he performed and independent review of the medical evidence and found no evidence that the Plaintiff met the Listings. R. 25.

Therefore, the ALJ's analysis is supported by substantial evidence.

## VI. RECOMMENDATION

Based on the foregoing, the Court concludes that the ALJ's decision complied with the applicable law and regulations and is supported by substantial evidence. Accordingly, the Court **RECOMMENDS THAT**:

1. The Plaintiff's [ECF No. 9] Motion for Summary Judgment be DENIED;
2. The Commissioner's [ECF No. 11] Motion for Summary Judgment be GRANTED.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.

A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: April 5, 2017

/s/ *James E. Seibert*
JAMES E. SEIBERT
U.S. MAGISTRATE JUDGE